1  JUNJI SUZUKI (SBN 184738)
   junji@marshallsuzuki.com
2  MARSHALL SUZUKI LAW GROUP, LLP
3  230 California Street, Suite 415
   San Francisco, CA 94111
4  Telephone: (415) 618-0090
   Facsimile: (415) 618-0190
5  Attorney for Applicant,
6  Medical Incorporated Association Smile Create

7

8                 **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  In re Ex Parte Application of          )    Case No:
                                           )
12                                         )    **EX PARTE APPLICATION FOR ORDER**
    MEDICAL INCORPORATED                   )    **PURSUANT TO 28 U.S.C. § 1782**
13  ASSOCIATION SMILE CREATE,              )    **PERMITTING DISCOVERY FOR USE IN**
                                           )    **FOREIGN PROCEEDING AND**
14                                         )    **MEMORANDUM IN SUPPORT**
                        Applicant.         )
15                                         )

16  _____

17

18       Applicant, Medical Incorporated Association Smile Create ("MIASC"), a medical

19  corporation organized and existing under the laws of Japan, hereby applies to this Court ex

20  parte for an order permitting discovery from Google LLC ("Google") for use in a court

21  proceeding in Japan pursuant to 28 U.S.C. § 1782.

22       The proposed subpoena attached to this application seeks from Google documents and

23  information relating to certain Google Accounts through which certain anonymous statements

24  which, under Japanese law, constitute defamation against MIASC and unlawful interference

25  with MIASC's business were made.

26       This application is supported by the accompanying declaration of Yuichi

27  Funakoshi("Funakoshi Decl."), an attorney in Japan who represents MIASC in connection

28  with an anticipated lawsuit in Japan against those who made the unlawful statements, and

---

-Page 1 of 8-
**In re Ex Parte Application of Medical Incorporated Association Smile Create**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1    declaration of Taku Inoue ("Inoue Decl."), an attorney in Japan to provide his opinion to assist

2    this Court in determining the scope of access logs reasonably required to identify anonymous

3    perpetrators by using access logs.

4    **I.     BACKGROUND**

5         MIASC has been operating a dental clinic under the name of "Jingumae Orthodontic

6    Clinic" ("神宮前矯正歯科" in Japanese) in Tokyo, Japan since MM of YYYY.  In the months

7    from March to May of 2019, multiple reviews described in Exhibit A attached to Funakoshi

8    Decl. (collectively the "Subject Reviews") concurrently submitted with this application were

9    posted on the Google Map review page concerning "Jingumae Orthodontic Clinic" through

10   five different Google Accounts (collectively the "Subject Google Accounts"). The Subject

11   Reviews were posted with one-star or two-stars ratings and offensive comments. Funakoshi

12   Decl. ¶ 4.

13        According to MIASC's Japanese attorney, the Subject Reviews were posted for

14   harassment purposes and constitute defamation and unlawful business interference under

15   Japanese law. *id.* ¶ 5.

16        Therefore, MIASC intends to bring a lawsuit in Japan against the person(s) associated

17   with the Subject Google Accounts as soon as the person(s)' identities have been ascertained

18   through the discovery sought by this application. *id.* ¶ 6.

19        In order to identify the person(s) who committed unlawful acts against MIASC through

20   the Subject Google Accounts, it is crucial for MIASC to obtain the information relating to the

21   Subject Google Accounts. *id.* ¶ 7.

22   **II.    ARGUMENT**

23   **A.  Legal Standard**

24        An applicant seeking discovery for use in a foreign proceeding must demonstrate that

25   (1) the person from whom the discovery is sought resides or is found in this district, (2) the

26   discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made

27   by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic*

28

**In re Ex Parte Application of Medical Incorporated Association Smile Create**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

1   *of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D.

2   Cal. Sept. 15, 2010) at*1.

3         In exercising its discretion under 28 U.S.C. § 1782, a district court should further

4   consider the following non-exhaustive factors: "(1) whether the "person from whom discovery

5   is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the

6   character of the proceedings underway abroad, and the receptivity of the foreign government

7   or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the

8   discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of

9   a foreign country or the United States"; and (4) whether the discovery requested is "unduly

10  intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May

11  2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S.

12  2004)).

13  **B.   MIASC's Application Meets All of the Statutory Requirements under 28 U.S.C. §**

14  **1782.**

15       **1.   Google From Whom Discovery Is Sought Is Located in This District.**

16  Google, from whom the discovery requested in this application is sought, is located in

17  Mountain View, California[1].  Therefore, Google is within this Court's district.

18       **2.   The Requested Discovery Is for Use in a Proceeding in Japan.**

19  The discovery requested in this application must be use in a proceeding before a foreign

20  tribunal.  The foreign proceeding needs not actually be under way before 28 USC § 1782 may

21  be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable

22  contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra*, at 258-259 (quoting *In re*

23  *Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC

24  Cir. 1989)).

25

26

27  ───────────────
    [1] https://www.google.com/about/locations/.

28

**In re Ex Parte Application of Medical Incorporated Association Smile Create**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

1   MIASC intends to bring a lawsuit in Japan against the person associated with the
2   Google accounts in question as soon as the person's identity has been ascertained through the
3   discovery sought by this application.  Funakoshi Decl.  ¶ 6.  Thus, the requirement that the
4   discovery be for use in a foreign proceeding is met.

3.   **MIASC is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

7   The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any
8   interested person."  As plaintiff in the anticipated litigation in Japan, MIASC is clearly an
9   interested person under 28 U.S.C. § 1782.

C.   **MIASC's Application Further Meets All of the Discretionary Factors under *Intel*.**

1.   **Google Is Not Participant in the Foreign Proceeding.**

12   The first *Intel* factor asks whether the "person from whom discovery sought is a
13   participant in the foreign proceeding." *Intel*, 542 U.S. at 264.  If the person is a participant,
14   "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is
15   sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has
16   jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.*
17   "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's
18   jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable
19   absent § 1782(a) aid." *Id.*

20   Google is not a participant in the prospective Japanese lawsuit. Funakoshi Decl. at ¶ 8.
21   Additionally, the documents that MIASC seeks are located in the United States and not in
22   Japan.  Thus, they are out of reach of the Japanese court's jurisdiction.

2.   **The Requested Information Is Crucial to MIASC's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

25   "A court presented with a § 1782(a) request may take into account the nature of the
26   foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
27   foreign government or the court or agency abroad to U.S. federal-court judicial assistance."
28   *Intel.* at 264.

1    In order to identify the person who committed unlawful acts against MIASC through

2  the Google accounts in question for purposes of bring a lawsuit against him in Japanese court,

3  it is crucial for MIASC to obtain the information relevant to the Google accounts used by the

4  perpetrator. Funakoshi Decl. ¶ 7.

5    In addition, the Japanese courts would be receptive to this court's assistance. In fact, the

6  Japanese courts have been receptive to the discovery assistance made by the U.S. courts.

7  *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953,

8  *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist.

9  LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

10   **3.   MIASC's Discovery Request Is Not an Attempt to Circumvent Foreign Proof**

11   **Restrictions or Policies.**

12    "A district court could consider whether the § 1782(a) request conceals an attempt to

13  circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

14  United States." *Intel.* at 265.

15    MIASC is not aware of any restrictions imposed by or any policies under Japanese law

16  limiting the proof-gathering proceeding in the manner proposed and for the purposes stated

17  herein. Funakoshi Decl. ¶ 9.  In the past, courts have granted 28 U.S.C. § 1782 applications

18  for the use in the proceedings in Japan, both civil and criminal, as well.  *Marubeni Am. Corp.*

19  at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the*

20  *Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-

21  6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d

22  (Callaghan) 200 (9th Cir. Cal. 1994).

23   **4.   MIASC's Request Is Narrowly Tailored to Highly Relevant Information and**

24   **Not Unduly Intrusive or Burdensome.**

25    "Unduly intrusive or burdensome requests may be rejected or trimmed."  *Intel.* at 265.

26    As shown in the proposed subpoena to Google attached to the proposed order submitted

27  with this application, the discovery requested by MIASC is narrowly tailored and limited to

28

**In re Ex Parte Application of Medical Incorporated Association Smile Create**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

1   the discovery materials related to the Subject Google Accounts through which the identity of

2   the defendant(s) to the anticipated Japanese lawsuit could be ascertained and nothing further.

3           First, the proposed subpoena does not seek disclosure of the content of any

4   communications associated with the Subject Google Accounts. *Optiver Australia Pty. Ltd.*

5   *v. Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing

6   prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

7           Second, the proposed subpoena only seeks disclosure of names and addresses of the

8   person(s) whose credit card is associated with each of the Subject Google Accounts. It does

9   not seek disclosure of credit card numbers or any other sensitive information. *In re Medical*

10  *Corporation H&S*, Case No. 19-mc-80058-VKD, N.D. Cal. May 15, 2019 (admitted that

11  applicant seeks disclosure of name and address of credit card holder registered on Google

12  Account).

13          However, it is highly unlikely that the perpetrators have provided their true name and

14  address to Google. Thus, the names and addresses Google may have on file in connection

15  with the Subject Google Accounts, even if they are disclosed in response to the proposed

16  subpoena, would be fictitious with high probability and would not help MIASC identify the

17  perpetrators. In such case, an access log is the only available information that could identify

18  the perpetrators. See Inoue Decl. ¶ 8. *In re Kiki. Co., Ltd.*, Case No. 19-mc-80048-NC, N.D.

19  Cal. February 25, 2019. *In re Med. Corp. H&S* (N.D.Cal. Mar. 15, 2019, No. 19-mc-80058-

20  VKD) 2019 U.S.Dist.LEXIS 42926. *Med. Corp. H&S v. Defendant* (N.D.Cal. May 30, 2019,

21  No. 19-mc-80107-SVK) 2019 U.S.Dist.LEXIS 90977. *M&S LLC v. M&S LLC* (N.D.Cal.

22  Aug. 19, 2019, No. 19-mc-80168-DMR) 2019 U.S.Dist.LEXIS 140311. *In re Exparte Med.*

23  *Corp. H&S* (N.D.Cal. Aug. 21, 2019, No. 19-mc-80186-VKD) 2019 U.S.Dist.LEXIS

24  142289. (all orders above admitted that applicant seeks disclosure of access logs)

25          The access logs at the time of the posting and login history just before the posting should

26  be allowed because there is a possibility that these logs remain available and have not been

27  deleted yet, even though they were recorded more than 6 months ago. *Id* [[S]ome providers

28  keep access logs for more than 6 months].

In re Ex Parte Application of Medical Incorporated Association Smile Create
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

1    However, these logs alone may be incomplete or insufficient to identify the perpetrator.

2   *Id* ["Google often records only time stamps (not IP addresses) at the time of each posting"].

3   In addition, in case that the perpetrator used special tools for anonymization such as Tor (The

4   Onion Router), the access log at the time of posting would not reveal sufficient information for

5   identifying. *Id*. From Google's perspective, it is neither unduly intrusive nor burdensome to

6   disclosure *all* access logs, in lieu of the log at the time of posting.  Providers such as Google

7   routinely delete old access logs and keep only fresh access logs for the most recent several

8   months.  In fact, it is more burdensome for Google to have to search for the particular access

9   log containing all the information necessary to identify the perpetrator.

10    Furthermore, access logs themselves contain no substantial private information of the

11   Subject Google Accounts. Access logs only disclose time stamps (showing when the Subject

12   Google Accounts holders accessed) and IP addresses. Any other substantial private

13   information (e.g. information about what websites the holders may have accessed, what action

14   they took, etc.) is not disclosed.

15    Moreover, Google Accounts holders' privacy is protected by Google's policy set forth

16   in its Transparency Report which provides in relevant part that[2], :

17   "Government agencies, courts and parties in civil litigation regularly ask technology and
     communications companies for information about how a person has used the company's
18   services. When we receive such a request, our team reviews the request to make sure it
     satisfies legal requirements and Google's policies. Generally speaking, for us to produce
19   any data, the request must be made in writing, signed by an authorized official of the
20   requesting agency and issued under an appropriate law. **If we believe a request is overly
     broad, we'll seek to narrow it.**" (emphasis added)
21

22   **III.    CONCLUSION**

23    For the reasons stated above, MIASC respectfully requests that this Court grant this

24   application and permit that it issues the subpoena to Google attached to the proposed order

25   submitted with this application.

26   _____

27   [2] Google, https://transparencyreport.google.com/user-data/overview?hl=en

28   (last visited September 16, 2014)

**In re Ex Parte Application of Medical Incorporated Association Smile Create**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support

1
2   Dated: ___9/20___ , 2019          Respectfully submitted,
3                                     MARSHALL SUZUKI LAW GROUP, LLP
4
5                                     By: _____
6                                         Junji Suzuki
                                          Attorney for Applicant, Medical
7                                         Incorporated Association Smile Create
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In re Ex Parte Application of Medical Incorporated Association Smile Create
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding
and Memorandum in Support