UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EXPARTE APPLICATION OF MEDICAL INCORPORATED ASSOCIATION SMILE CREATE, | Case No. 19-mc-80230-VKD |
| Applicant, | **ORDER RE EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |
| | Re: Dkt. No. 1 |

Applicant Medical Incorporated Association Smile Create ("MIASC") has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. No. 1. Although the proposed subpoena is directed to Google, MIASC will use the subpoena to obtain identifying and contact information for several individuals in Japan who have accounts with Google.

The Court grants in part and denies in part the application as discussed below.

## I. BACKGROUND

According to the application, MIASC operates a dental clinic in Tokyo, Japan. During the months March-May 2019 five one- or two-star reviews were posted on the Google Map review page associated with the dental clinic. The reviews (as translated in MIASC's application) describe poor dental care, rude employees, and difficulty scheduling appointments, among other complaints. Dkt. No. 2, Ex. A; Dkt. No.3, Ex. B.[1] MIASC says it intends to assert claims for defamation and unlawful business interference in Japan against the person or persons who control

---

[1] MIASC characterizes these reviews as having "offensive comments." Dkt. No. 1 at 2.

the accounts that posted the reviews once MIASC ascertains their identities. Dkt. No. 1 at 4.

MIASC seeks permission to serve a subpoena on Google seeking the following documents, which

it says will allow it to identify the account holders:

1. All DOCUMENTS identifying the user(s) of ALL ACCOUNTS from the date each Google Account was created to the present, including all names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.

2. All DOCUMENTS showing all names and addresses (including postal codes) of credit card holders registered on ALL ACCOUNTS.

3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ALL ACCOUNTS from the date the foregoing account was created the present, including access log for each login (namely, login history).

Dkt. No. 6 at ECF 6-7.

MIASC's application is supported by the declarations of Yuichi Funakoshi, Andrew

Bartlett, and Taku Inoue. Dkt. Nos. 2-4.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or

testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal

privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-

47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing

in the district of the court to which the application is made; (2) the discovery is for use in a

proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but

instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S.

at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign

proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad,

and the receptivity of the foreign government or the court or agency abroad to U.S.

1    federal-court judicial assistance";

2        (3) whether the discovery request "conceals an attempt to circumvent foreign proof-

3            gathering restrictions or other policies of a foreign country or the United States"; and

4        (4) whether the discovery requested is "unduly intrusive or burdensome."

5    *Intel*, 542 U.S. at 264–65.

6        A district court's discretion is guided by the twin aims of § 1782: providing efficient

7    assistance to participants in international litigation, and encouraging foreign countries by example

8    to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

9    F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information

10   sought would be discoverable under the governing law in the foreign proceeding or that United

11   States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at

12   247, 261-63.

13       Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte*

14   basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request

15   and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom*

16   *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

17   *of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,

18   2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery

19   is 'authorized,' and thus the opposing party may still raise objections and exercise its due process

20   rights by challenging the discovery after it is issued via a motion to quash, which mitigates

21   concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys.*

22   *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

23       Unless the district court orders otherwise, the discovery authorized by the court must be

24   obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re*

25   *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

26   Cir. 1994).

27

28

### III.    DISCUSSION

#### A.    Statutory Requirements

MIASC's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. Second, MIASC requests this discovery for use in a civil action for defamation and unlawful business interference that it anticipates filing in Japan, as soon as it learns the identities of the Google account holders responsible for the negative review postings. This proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, MIASC, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

#### B.    *Intel* Factors

Even if the Court has the authority to grant MIASC's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

##### 1.    Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action MIASC plans to bring in Japan, and the documents MIASC seeks by subpoena are located in the United States. Dkt. No. 1 at 4. MIASC contends that such evidence is outside the reach of a Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, MIASC represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States, but the cases on which it relies do not actually support that proposition. *See* Dkt. No. 1 at 5. However, in the absence of evidence that Japanese courts would object to MIASC's discovery of the information sought in the subpoena, or that they object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether MIASC's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568 at *5 (quoting *In re Cathode Ray Tube*

5

*(CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Mr. Funakoshi, an attorney for MIASC who is licensed to practice in Japan, asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence MIASC seeks here. Dkt. No. 2 ¶ 9. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account holders, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

MIASC's proposed subpoena to Google includes the three requests for documents reproduced above. These requests seek information identifying several Google account holders, including the entire login histories or access logs available for each of those accounts. MIASC relies on the declaration of Mr. Inoue, an attorney for MIASC who is licensed to practice in Japan, to explain why MIASC is unlikely to be able to identify the account holders from the contact information Google maintains about them, and why, in MIASC's view, it is necessary to also obtain the account holders' access log information. Specifically, MIASC explains that once it has obtained the access log information from Google, it can identify the IP addresses used by the account holders, and then it will be able to ask the ISP or ISPs who assigned those addresses for information identifying the user of the IP address. Dkt. No. 4 ¶¶ 5-7.

In this application, MIASC has demonstrated that it is unlikely to be able to obtain the identifying information it requires to proceed with a civil action in Japan unless it obtains at least

6

some access log information for each account holder. However, this discovery is certainly intrusive, at least with respect to the privacy interests of the Google account holders. Moreover, the Court questions whether the procedures typically available for addressing and resolving challenges to a subpoena served pursuant an *ex parte* application adequately protect the interests of the account holders here. As a practical matter, an individual in Japan may not be able to easily invoke the available U.S. judicial processes to object to the proposed subpoena, and it is not clear whether or to what extent Google may act to protect the privacy interests of its account holders.

The Court is satisfied that its concerns can be addressed by limiting the scope of MIASC's third document request. The Court will permit discovery of no more than six months' of access log information for a particular account; MIASC may not seek all access log information from the date the account was created. In addition, the Court will adopt additional procedural protections to ensure that any objections an account holder may have to disclosure of his or her information are addressed by the Court before disclosure is made. Specifically, and as set forth below, Google must notify the Court of any objections it receives from an account holder, and it may not disclose objected-to documents to MIASC until the Court resolves those objections.

## IV.    CONCLUSION

MIASC's application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena as modified in accordance with the Court's instructions above with respect to the third document request.

Accordingly, the Court authorizes service of a modified subpoena on Google. This order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account holders or account users whose identifying information is sought. The Court orders MIASC and Google to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, MIASC must also serve a copy of this order on Google.

2. Within 10 calendar days of service of the subpoena and this order, Google shall notify

1   each of the account holders and account users within the scope of the subpoena that

2   their identifying information is sought by MIASC, and shall serve a copy of this order

3   on each such person.

4   3.  Google and/or any person whose identifying information is sought may, within 21 days

5   from the date of the notice, file a motion in this Court contesting the subpoena

6   (including a motion to quash or modify the subpoena).

7   4.  Alternatively, any person whose identifying information is sought may, within 21 days

8   from the date of the notice, advise Google in writing of any objections he or she has to

9   disclosure of the information and the bases for any such objections.  Within 10 days of

10   receipt of any such objections, Google shall so advise the Court.

11   5.  If any person contests the subpoena or objects to any portion of it, Google shall

12   preserve, but not disclose, the information sought by the subpoena pending resolution

13   of that contest or objection.

14   6.  Any information MIASC obtains pursuant to the subpoena may be used only for

15   purposes of the anticipated action for defamation or unlawful business interference, and

16   MIASC may not release such information or use it for any other purpose, absent a

17   Court order authorizing such release or use.

18   **IT IS SO ORDERED.**

19   Dated:  October 7, 2019

20

21

22   VIRGINIA K. DEMARCHI
   United States Magistrate Judge

23

24

25

26

27

28